1997 ND 101

**In the Interest of E.H., a Child.**

**John HOUGEN, Director, Burleigh County Social Service Board as assignee for L.H., L.H. and Sheila R. Dingeman as guardian ad litem for E.H., a minor child, Plaintiffs and Appellees,**

v.

**T.W., Defendant and Appellant.**

**Civil No. 970033.**

Supreme Court of North Dakota.

June 3, 1997.

Bonnie Paradis Humphrey (argued), Special Assistant State's Attorney, Child Support Enforcement Unit, Bismarck, for plaintiffs and appellees.

Rauleigh D. Robinson (argued), Bismarck, for defendant and appellant.

NEUMANN, Justice.

[¶ 1] T.W. appealed from a judgment declaring his paternity of E.H. and ordering him to pay child support. We conclude the trial court's determination of the child support arrearage is clearly erroneous, and we reverse in part and remand with instructions.

[¶ 2] E.H. was born out of wedlock on March 23, 1991. His mother, L.H., received medical assistance for E.H. and assigned her support rights to the North Dakota Department of Human Services and the Burleigh

County Social Service Board. On June 20, 1995, those entities sued T.W. to establish his paternity and to obtain child support for E.H. and reimbursement of the medical assistance. Following a hearing, judgment was entered December 18, 1996, establishing T.W.'s paternity of E.H. and ordering T.W. to pay child support of $266 per month and arrears totaling $18,354. The sole issue raised by T.W. on appeal is whether the trial court committed reversible error in calculating T.W.'s support arrears.

T.W. is a young man who began self-employment as a farmer with his father shortly before E.H. was born. To determine T.W.'s support obligation, the trial court averaged T.W.'s farm income for a five-year period, 1991 through 1995, and concluded T.W. had an average monthly income of $1,100 resulting in a child support obligation of $266 per month. The court ordered T.W. to pay $266 per month, commencing December 1, 1996, for his son's future care and support and also ordered him to pay support in arrears of $266 per month for 69 months, totaling $18,-354. T.W. asserts the court's calculation of child support arrearages "based on that same figure of $266 per month to commence with March 1991 through November 1996" is an erroneous approach which is "grossly unfair, inequitable," and a clearly erroneous application of the child support guidelines.

■■■ [¶ 3] The trial court's determination on child support is a finding of fact and will be affirmed unless it is clearly erroneous. *Peterson v. Peterson,* 555 N.W.2d 359, 363 (N.D.1996). A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if no evidence exists to support it, or if, on the entire record, we are left with a definite and firm conviction that a mistake has been made. *Surerus v. Matuska,* 548 N.W.2d 384, 387 (N.D.1996).

[¶ 4] Section 14-09-09.7, N.D.C.C., authorizes the Department of Human Services to promulgate child support guidelines and creates a rebuttable presumption that the amount of child support resulting from application of the guidelines is the correct amount of child support. *See, e.g., Smith v. Smith,* 538 N.W.2d 222, 225 (N.D.1995). Under the guidelines, the court must first calculate an obligor's gross income and then subtract certain items to determine the obligor's net income, which is used to set the support amount under the guideline schedule. N.D.A.C. § 75-02-04.1-10.

[¶ 5] An obligor's support obligation is usually based on evidence of the obligor's past income, which is used as a predictor of future income upon which the support amount is calculated. N.D.A.C. § 75-02-04.1-02, specifically states:

"3. Net income received by an obligor from all sources must be considered in the determination of available money for child support.

\*     \*     \*     \*     \*     \*

"8. Calculations made under this chapter are ordinarily based upon recent past circumstances because past circumstances are typically a reliable indicator of future circumstances, particularly circumstances concerning income...."

[¶ 6] When the obligor is a self-employed farmer, the guidelines use a five-year income average as a predictor of future income. N.D.A.C. § 75-02-04.1-05(3), provides:

"Farm businesses experience significant changes in production and income over time. To the extent that information is reasonably available, the average of the most recent five years of farm operations, if undertaken on a substantially similar scale, should be used to determine farm income."

To calculate T.W.'s current support obligation for E.H., the trial court correctly applied this guideline and averaged income for the most recent five years of T.W.'s farm operations to predict his future income from farming.

■■■ [¶ 7] The guidelines do not contemplate, however, establishing support amounts retroactively for prior years. In calculating arrears for T.W.'s support obligation for the prior years of 1991 through 1995 the court had undisputed evidence before it showing exactly what T.W.'s income was for those years. It was unnecessary for the court to "predict" income for those years, because

T.W.'s actual income for those years was known. It is appropriate to establish arrears by using the obligor's actual "past annual income." *See K.E.N. by Shasky v. R.C.*, 513 N.W.2d 892, 898 (N.D.1994).

[¶ 8] The trial court's order of December 1, 1996, states "the [g]uidelines clearly require" the court to use five-year averaging to calculate arrearages. That statement is an erroneous view of the law. The guidelines neither require nor contemplate use of averaging to establish a retroactive support obligation when the obligor's actual income for those years is known. Under these circumstances, it was clearly erroneous for the trial court to use income averaging to compute T.W.'s support arrears.

[¶ 9] Using T.W.'s actual income for the years 1991 through 1995,[1] the past child support arrearage is as follows:

| Year | Calculation | Amount |
|------|-------------|--------|
| 1991 | – $207 × 10 months = | $ 2,070 |
| 1992 | – $133 × 12 months = | $ 1,596 |
| 1993 | – $378 × 12 months = | $ 4,536 |
| 1994 | – $133 × 12 months = | $ 1,596 |
| 1995 | – $346 × 12 months = | $ 4,152 |
| 1996[2] | – $266 × 11 months = | $ 2,926 |
| Total | | $16,876 |

[¶ 10] We reverse in part and remand with instructions that the trial court enter a judgment ordering T.W. to pay child support of $266 per month, commencing December 1, 1996, and arrears from March 1991 through November 1996, totaling $16,876.

[¶ 11] VANDE WALLE, C.J., and MARING, MESCHKE and SANDSTROM, JJ., concur.

---

1. T.W.'s actual net income for each year 1991 through 1995 is not in dispute.

2. At the time of trial, T.W.'s actual income for 1996 was not available. Consequently, it was not clearly erroneous for the trial court to use the five-year averaging method to determine T.W.'s retroactive support obligation for January 1996 through November 1996. Using that method, the trial court correctly determined T.W.'s monthly support obligation for January 1996 through November 1996 is $266 per month.